IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Johnny Orsinger,<br><br>    Defendant/Movant. | No. CV-13-8160-PCT-DGC (LOA)<br>No. CR-01-1072-PCT-DGC (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court on Defendant Johnny Orsinger's ("Movant") Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1[1]) Movant is represented by counsel. The United States ("Respondent") has filed a Response in which it does not oppose Movant's request to be resentenced. (Doc. 8)

**I. Background**

    **A. Indictment, Change of Plea and Sentencing**

Movant was charged in a superseding indictment filed on July 9, 2002 with eighteen criminal offenses, including two counts of First Degree Murder (Counts One and Seven), three counts of Use of a Firearm During a Crime of Violence Resulting in Death (Counts Two, Four and Six), two counts of Felony Murder-Kidnaping (Counts Three and Fifteen), two counts of Kidnaping (Counts Five and Seventeen) one count of Carjacking Resulting in Death (Count Nine), one count of Felony Murder-Robbery (Count Eleven), one count of

---

[1] Citations to "CR doc. ___" are to the record in the underlying criminal matter, CR-01-1072-PCT-DGC (LOA).  Citations to "Doc. ___" or "doc. ___" are to the record in CV-13-8160-PCT-DGC (LOA), the civil case opened upon the filing of the Motion to Vacate.

Robbery (Count Thirteen), and six counts of Use of a Firearm During a Crime of Violence (Counts Eight, Ten, Twelve, Fourteen, Sixteen and Eighteen). (CR docs. 96, 288; doc. 1 at 1-2) Four other defendants were also charged with offenses arising from the same incident. (Doc. 8 at 2)

Following a jury trial in December 2002, the jury returned guilty verdicts on all eighteen counts. (CR docs. 198, 223) On September 15, 2003, the District Judge sentenced Movant to concurrent terms of life imprisonment on Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen and Seventeen; life imprisonment on Count Two to be served consecutively to the terms imposed in Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen and Seventeen; life imprisonment on Count Four to be served consecutively to the term imposed in Count Two; life imprisonment on Count Six to be served consecutively to the term imposed in Count Four; and 300 months in prison on Counts Eight, Ten, Twelve, Fourteen, Sixteen and Eighteen, each 300 month term to run consecutively to each other and consecutively to the other sentences imposed. (CR doc. 288 at 2)

**B. Direct Appeal**

Movant filed a Notice of Appeal on September 19, 2003. (CR doc. 289) On June 27, 2005, the United States Court of Appeals for the Ninth Circuit issued a memorandum decision in which it affirmed Movant's convictions and sentences. (Doc. 1 at 2; CR doc. 328) Movant did not file a petition for writ of *certiorari* to the United States Supreme Court. (Doc. 1 at 2)

**C. Motion to Vacate**

On June 23, 2013, Movant filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1) Movant presents four grounds for relief. In Ground One, Movant contends he is entitled to be resentenced pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012). Movant claims that according to the holding in *Miller*, the Eighth Amendment prohibits a court from imposing a mandatory life sentence on a juvenile. In Ground Two, Movant argues that the holding in *Miller* should also apply to the multiple

consecutive mandatory sentences Movant received on the firearm counts pursuant to 18 U.S.C. § 924(c). Movant contends the total sentence on the firearm counts, 150 years, is functionally equivalent to a mandatory life sentence. In Ground Three, Movant alleges his convictions and sentences violate the Double Jeopardy Clause. In Ground Four, Movant argues that upon revisiting the mandatory life sentences pursuant to *Miller*, "the sentencing package will come unbundled." Movant asks, therefore, that the District Judge reconsider the sentencing package as a whole, including both the mandatory and non-mandatory sentences. Respondent filed a Response to Motion to Vacate, Set Aside or Correct Sentence on November 22, 2013. (Doc. 8)

**II. Discussion**

In *Miller,* the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 132 S.Ct. at 2469. "Such mandatory penalties, by their nature, preclude a sentencer from taking account of an offender's age and the wealth of characteristics and circumstances attendant to it." *Id.* at 2467.

Movant states in Ground One that nine of his twelve life sentences were mandatory, as were the firearm sentences that totaled 150 years. (Doc. 1 at 3) He further states he was sixteen years old at the time of the offenses and was transferred to adult status pursuant to 18 U.S.C. § 5032. He contends, therefore, he is entitled to be resentenced "on the counts comprising the basis for the mandatory life sentences." He asks the Court to vacate his sentences and conduct a new sentencing hearing that affords him an opportunity to present mitigating evidence in support of sentences that provide a meaningful opportunity for release.

Respondent agrees Movant was sixteen years old at the time of the murders, and that *Miller* is retroactive and applicable to Movant. Respondent, therefore, does not oppose Movant's request to be resentenced. With respect to Movant's other claims, Respondent asserts that those issues can be addressed at the time of resentencing. The undersigned Magistrate Judge agrees. Because a resentencing may render moot Movant's other claims, those claims need not be addressed here.   In light of the holding in *Miller* and Respondent's

non-opposition to Movant's request in Ground One to be resentenced, this Magistrate Judge will recommend that the Motion to Vacate be granted.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, doc. 1, be **GRANTED** and that Movant be resentenced in accordance with *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 5th day of May, 2014.

_____
Lawrence O. Anderson
United States Magistrate Judge